# UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re DAVID KENNETH BYRNE and CAROLYN JO BYRNE,<br><br>Debtors. | Chapter 7 Proceedings<br>Case No. 2-05-22974-PHX-CGC<br><br>UNDER ADVISEMENT DECISION<br>RE: SPECIAL COUNSEL'S<br>MOTION TO WITHDRAW |

Solomon & Relihan, P.C., formerly Solomon, Relihan & Blake, P.C., seeks to withdraw as special counsel for the estate due to a perceived conflict of interest under Arizona Supreme Court Rule 42, E.R. 1.15. Special counsel was employed to represent Debtor Carolyn Byrne in a prepetition personal injury claim, and as such now represents the estate in that case due to Debtors' bankruptcy. During its representation of the estate, special counsel received a total of $5,000 in first-party automobile medical payments: $3,940.66 for prepetition medical expenses received postpetition on October 15, 2005, and $1,059.34 for postpetition medical expenses. Special counsel has turned over the $3,940.66 in prepetition med-pay funds to the Trustee, but is unclear what to do with the remaining $1,059.34 in med-pay funds for the postpetition services. The $1,059.34 represents partial payment of the more than $11,000 owing in postpetition medical expenses to Dr. Lynne Pirie for services rendered postpetition between October 13, 2005 and March 24, 2006.

A dispute has arisen between Special Counsel and the Trustee as to whether the $1,059.34 being held by special counsel is property of the estate or whether special counsel holds it in trust for Dr. Pirie. The Trustee argues that Dr. Pirie does not have a valid lien under Arizona law against these funds or any other settlement proceeds because she did not file her lien within thirty days of the first date of treatment as required by Arizona Revised Statute sections 33-931 and 33-932. Special counsel, on the other hand, asserts that whether or not Dr. Pirie has a valid line, he nonetheless owes a fiduciary obligation to her arising from his ethical duties under E.R. 1.15. Thus, he is concerned that if he turns over the funds to the

Trustee, the Trustee may spend the funds to pay creditors other than Ms. Pirie and that special counsel will have violated his ethical obligation to hold these funds in trust for her and not disburse them to anyone else. As a result, through his motion to withdraw as counsel, special counsel also requests that this Court determine the proper disposition of these funds and whether Dr. Pirie's lien is valid.

Adding a further wrinkle to the case, special counsel has apparently negotiated a $15,000 policy limits settlement between the tortfeasor's insurance company and the estate. While the settlement proposal has yet to be presented to this Court for approval, apparently within its terms is a provision requiring the Debtor and counsel to release and indemnify the tortfeasor and/or tortfeasor's insurance company of any liability that may arise from any outstanding lien claims arising out of the accident, such as Dr. Pirie's lien. Special counsel's concern is that if it signs off on the settlement and the Trustee refuses to pay Dr. Pirie, that Dr. Pirie may pursue payment from the tortfeasor and his insurance company under Arizona law, eventually putting special counsel and Debtor on the line to indemnify the tortfeasor or his insurance company for any amounts paid to Dr. Pirie.

After significant consideration, the Court concludes it will not decide the status of these funds in the absence of Dr. Pirie and the proposed settlement agreement. Both special counsel and the Trustee have indicated to this Court that Dr. Pirie has not appeared in this bankruptcy case to date, has not filed a Proof of Claim or otherwise appeared. Apparently, moreover, the bar date for filing proofs of claims has passed, although the Trustee has indicated it may be willing to work with Dr. Pirie to resolve this matter despite that procedural hurdle. It is also possible that Dr. Pirie may pursue an administrative claim against the estate. Determining the validity of Dr. Pirie's claim without giving her an opportunity to appear and be heard, however, violates basic notions of due process and the Court will not entertain the dispute without first giving her the opportunity to appear.

With respect to the $1,059.34 being held by special counsel, Special counsel should turnover the funds to the Trustee and the Trustee shall hold the funds in trust pending further order of this Court. In this way, the funds are protected from disbursement until this issue can

be resolved and Dr. Pirie can have no complaint that the funds have been disbursed to anyone else.

Special Counsel's motion to withdraw has already been granted by separate order.

With respect to the pending settlement, special counsel shall facilitate the turnover of the settlement negotiations to the Trustee's counsel so that the Trustee can pursue the settlement and present it to this Court for approval. In addition, any proposed settlement agreement shall be noticed out to all interested parties, specifically Dr. Pirie in this case, so that she may have the opportunity to appear in this case. Further, the Trustee is instructed, in the interim, to determine whether to proceed with a motion to determine the validity of Dr. Pirie's lien in this case so that this issue can be properly presented to this Court for determination and Dr. Pirie can be provided with notice that her rights may be affected if she does not appear. A copy of this Order shall be sent by this Court to Dr. Pirie and her counsel also this same date.

Last, special counsel seeks its attorneys' fee and costs for work performed in the underlying tort case. The Court notes that counsel was hired on a contingent fee basis based on any recovery actually received: The fees counsel seek, however, arise on an hourly basis. Under the terms of the retention order, quantum meruit compensation is not directly contemplated. However, the Court agrees with the Trustee that special counsel may file a claim in this bankruptcy case that will be determined in due course following further examination by the Trustee.

So ordered.

**DATED: November 27, 2006**

CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

3

| | |
|---|---|
| 1 | |
| 2 | **COPY** of the foregoing mailed by BNC and/or |
| 3 | sent by auto-generated mail to: |
| 4 | John J. Relihan |
| | Laurence G. Tinsley, Jr. |
| 5 | Kevin J. McAlonan |
| | Solomon & Relihan, P.C. |
| 6 | 1951 W. Camelback Rd., Suite 110 |
| | Phoenix, Arizona 85015 |
| 7 | Special counsel |
| 8 | David and Carolyn Byrne |
| | 523 E. Orchid Lane |
| 9 | Phoenix, Arizona |
| | Pro se |
| 10 | |
| | Adam B. Nach |
| 11 | Allison M. Lauritson |
| | Lane & Nach, P.C. |
| 12 | 2025 N. Third Street, Suite 157 |
| | Phoenix, Arizona 85004 |
| 13 | Attorneys for Trustee S. William Manera |
| 14 | Lynne Pirie, D.O. |
| | North Phoenix Health Institute |
| 15 | 750 E. Thunderbird Road, Suite 4 |
| | Phoenix, Arizona 85022 |
| 16 | |
| | Bill Black |
| 17 | 1951 W. Camelback |
| | Phoenix, arizona 85015 |
| 18 | Attorney for Dr. Lynne Pirie |
| | Office of U.S. Trustee |
| 19 | 230 N. First Avenue, Suite 204 |
| | Phoenix, Arizona 85003-1706 |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |